IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRIDGETT DREW, AS NEXT FRIEND      §
OF MINORS KEARA WARE AND           §
KYRON WARE, Individually and as    §
Heirs to the                       §
ESTATE OF CARRIE WARE,             §
                                   §
                    Plaintiff,     §  Civil Action No. 3:08-CV-2226-D
                                   §
VS.                                §
                                   §
LIFE INSURANCE COMPANY OF          §
NORTH AMERICA,                     §
                                   §
                    Defendant.     §

MEMORANDUM OPINION
AND ORDER

Plaintiff Bridgett Drew, as next friend of minors Keara Ware and Kyron Ware, individually and as heirs to the Estate of Carrie Ware ("Drew"), moves for relief from judgment or, in the alternative, to alter or amend the judgment. For the reasons that follow, the court denies the motion.

I

Drew filed this lawsuit in state court, and defendant Life Insurance Company of North America ("LINA") removed it based on preemption under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Shortly thereafter, LINA moved to dismiss Drew's state-law claims under Fed. R. Civ. P. 12(b)(6). Drew did not respond to the motion. In an order filed January 23, 2009, the court granted the motion to dismiss, but it also granted Drew leave to re-plead to assert any available claims

under ERISA and any pendent state-law claims that might be maintained under the court's supplemental jurisdiction.  The court ordered that Drew file her amended complaint within 30 days of the date the order was filed.  Drew did not file an amended complaint.

Rather than dismiss Drew's lawsuit based on the failure to amend by the court-ordered deadline, on or about March 11, 2009 the court directed the judicial secretary to contact Drew's counsel's office to determine the status of the amended complaint.  According to a legal assistant in the office, the court's order was not received, but a copy would be requested from the Clerk's Office.  The judicial secretary advised the legal assistant that the amended complaint was already overdue and must be filed promptly.

On March 30, 2009—after a substantial period had elapsed since March 11, 2009, and because over 60 days had elapsed since the court filed its order—the court dismissed this case with prejudice for the reasons stated in its January 23, 2009 order and based on Drew's failure to plead claims under ERISA and the court's supplemental jurisdiction.

On April 9, 2009 Drew filed the instant motion for relief from judgment or, in the alternative, to alter or amend the judgment.  She seeks relief under Fed. R. Civ. P. 60(b)(1), contending that her failure to comply with the court's order is based on mistake, inadvertence, or excusable neglect, that she has a meritorious

- 2 -

defense, that LINA will not be prejudiced by granting the relief she seeks, and that she has a good reason for failing to file a response.  LINA opposes the motion.

## II

Although Drew moves for relief under Rule 60(b)(1), she is eligible to seek relief under Rule 59(e) because she filed her motion within ten countable days of the date the judgment was entered on March 31, 2009.  "If [a] motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) (addressing motion for reconsideration) (citing *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986)).  Because the Rule 59(e) standard is more favorable to Drew, *see id.* at 173-74 (noting that Rule 59(e) motion is not subject to same exacting standards as is Rule 60(b) motion), the court will decide the motion under the standard that governs a Rule 59(e) motion.

## III

Drew's counsel, Kevin Kelley, Esquire ("Kelley"), avers in his affidavit, in pertinent part, that he was unaware of the court-ordered deadlines until after March 30, 2009. According to Kelley, an assistant in his office was responsible for calendaring events and forwarding electronic and other notices to ensure that no

- 3 -

events were overlooked.   After this case was dismissed, Kelley

confirmed that he had never personally received notice and that

notice had not been calendared by anyone else in his office.[1]   He

maintains that inadvertence by his support staff led to the failure

to calendar the event.   And he suggests that a terminated employee

was responsible for failing to calendar the deadlines in this case.

*See* Kelley Aff. at [2] ("Sadly, since the firing of Plaintiffs' now

former assistant our firm has been forced to clear up numerous

other actions where dates were [sic] items were not filed and

events not calendared.").   Kelley asserts that there is good cause

for Drew's failure to comply with the court's order and that Drew

has acted in good faith.

IV

A

"The district court has considerable discretion in deciding

whether to reopen a case under Rule 59(e)."   *Edward H. Bohlin Co.*

*v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).   In deciding

Drew's motion, the court considers such factors as whether her

failure to comply with the court's order was the result of

excusable neglect, whether setting aside the judgment would

prejudice the adversary, and whether Drew has a meritorious claim.

---

[1]Kelley also avers that he had no notice that a motion for summary judgment was set for a hearing.   This assertion is irrelevant, because no such motion was filed, and the court did not enter judgment against Drew in response to a summary judgment motion.

*See CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992).[2] "These factors are not 'talismanic,' and [the court] will consider others." *Id.* (quoting *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992)).  The ultimate inquiry remains whether the movant shows good cause. *See id.*  "The district court need not consider all of these factors." *Id.*

B

The court addresses first whether setting aside the judgment of dismissal would prejudice LINA.

A party who secures dismissal of a case will of course "suffer *some* form of prejudice anytime it obtains such relief and the opposing party is successful in having it set aside.  The court must therefore assess whether the prejudice is *unfair*." *Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, 1999 WL 1032798, at *3 (N.D. Tex. Nov. 10, 1999) (Fitzwater, J.) (emphasis in original). If the court sets aside the judgment of this case, LINA will be required to defend a lawsuit that it would otherwise have been obligated to defend.  This is not unfairly prejudicial to LINA, except to the extent it has been required to respond to Drew's

_____

[2]*CJC Holdings* actually states that the first factor is "whether the default was willful," *CJC Holdings*, 979 F.2d at 64, but it "suggest[s] that district courts should use the less subjective excusable neglect standard in the future[,]" *id.* Additionally, *CJC Holdings* and Drew also discuss the existence of a meritorious *defense*.  Because Drew is a plaintiff rather than a defendant, this element is more aptly framed in the present case in terms of whether there is a meritorious *claim* rather than a meritorious *defense*.

present motion.  As in *Artemis Seafood*, the court holds that if LINA is compensated for such fees and costs, the prejudice to LINA of granting the motion is not unfair.

### C

The court considers next whether Drew has a meritorious claim.[3]

In her motion, Drew assumes that she is obligated to establish a meritorious *defense*.  And she assumes that, in the context of the court's dismissal order, to establish a meritorious defense, she is only required to re-plead, i.e., that her "defense" is the filing of an amended pleading.  *See* P. Mot. [3] ("In light of the above, Plaintiffs['] defense to Defendant's motion was a simple re-plead.").  Drew makes no attempt to identify the claims that she would assert under ERISA or under state law if she were to file an amended complaint.  The court therefore holds that Drew has failed to demonstrate that she has a meritorious claim against LINA under ERISA or under state law.

### D

Finally, the court addresses whether Drew has established excusable neglect.

Drew's motion rests entirely on the negligence or carelessness of her counsel's staff in failing to calendar critical deadlines in this case.  In the context of Rule 60(b)(1), which the court

---

[3]*See supra* note 2.

concludes informs (although it does not control) its Rule 59(e) analysis, the Fifth Circuit has held that it is not an abuse of discretion to deny relief when the proffered justification is the "inadvertent mistake" of counsel. *Edward H. Bohlin Co.*, 6 F.3d at 356-57. According to Drew's evidence, this is what occurred here. And this is insufficient to establish excusable neglect.

The court reached a similar result in *Gonzalez v. State Fair of Texas, Inc.*, No. 3:99-CV-1414-D (N.D. Tex. Mar. 24) (Fitzwater, J.) (addressing Rule 59(e) motion), *aff'd*, No. 00-10424 (5th Cir. Oct. 13, 2000) (per curiam). In *Gonzalez* the plaintiff's attorney failed to file a timely response to a summary judgment motion because a clerical worker in his office failed to note the response date on the attorney's calendar. Slip op. at 4. The court held that the attorney's errors were insufficient to rise to the level of excusable neglect. Instead, they were more akin to inadvertence, and therefore insufficient to warrant relief. *Id.* at 5 (citing *Tex. Housing Agency v. Verex Assurance, Inc.*, 176 F.R.D. 534, 536 (N.D. Tex. 1998) (Means, J.)).

Nor is it sufficient that Drew's attorney, rather than Drew herself, is responsible for the errors made in this case. "[I]t has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client[.]" *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S.

626 (1962)).  Unfortunately, the proper recourse is for the client to seek malpractice damages from the attorney.  *Id.* at 289 ("While we are sympathetic to the plight of a client prejudiced by his attorney's inadvertence or negligence, the proper recourse for the aggrieved client, as the Supreme Court noted in *Link,* is to seek malpractice damages from the attorney.").

> Were this Court to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney, even though the result be disproportionate to the deficiency, courts would be unable to ever adequately redraw that line again, and meaningful finality of judgment would largely disappear.

*Id.* at 288-89.

E

Considering the pertinent factors *in toto*, the court finds that Drew has failed to demonstrate good cause for setting aside the judgment of dismissal.

*     *     *

For the reasons explained, Drew's April 9, 2009 motion for relief from judgment or, in the alternative, to alter or amend the judgment is denied.

**SO ORDERED**.

June 29, 2009.

SIDNEY A. FITZWATER
CHIEF JUDGE